IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BRIAN RODRIGUEZ and<br>MARINA RODRIGUEZ,<br><br>    *Plaintiffs*,<br><br>v.<br><br>U.S. BANK, N.A.,<br><br>    *Defendant*. | §<br>§<br>§<br>§<br>§   Civil Action No.  SA-12-CV-345-XR<br>§<br>§<br>§<br>§<br>§ |

**ORDER**

On this day the Court considered the parties' cross-motions for summary judgment. For the following reasons, Defendant's motion is GRANTED (Doc. No. 58) and Plaintiffs' motion is DENIED. (Doc No. 59).

**I. BACKGROUND**

In July 2004, Plaintiffs Brian and Marina Rodriguez obtained a mortgage loan in the amount of $112,000 from Aames Funding Corporation ("Aames"). Plaintiffs executed both a Note and a Deed of Trust in connection with the transaction. The Deed of Trust encumbered property located at 314 Leff Place, San Antonio, Texas. Aames subsequently assigned the Note and the Deed of Trust to Defendant U.S. Bank, N.A. It is undisputed that Plaintiffs became delinquent on their payment obligations by late 2007. (Doc. No. 46, Ex. A. ¶ 6; Doc. No. 53, ¶ 4). Plaintiffs' delinquency constituted default under the terms of the Note and a foreclosure sale of the Property was scheduled for September 7, 2010. Defendant, as Trustee for Credit Suisse First Boston, purchased the Property at the foreclosure sale for $86,700 and the Property was

conveyed via a Trustee's Deed. (Doc. No. 46., Ex. F.) Plaintiffs continued to reside on the Property after the foreclosure sale.

In March 2012, Plaintiffs filed their original petition in state court. The case was removed to this Court on April 16, 2012. Plaintiffs asserted causes of action for declaratory judgment, violation of the Uniform Commercial Code, quiet title, violation of Chapter 12 of the Civil Practice and Remedies Code, and breach of contract. On July 18, 2013, this Court granted summary judgment for Defendant on all of the aforementioned claims, except for the claim to quiet title. (Doc. No. 55).

## II. LEGAL STANDARD

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-252 (1986). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails . . . to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

The court must draw reasonable inferences and construe evidence in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the evidence is viewed in the light most favorable to the nonmoving party, a nonmovant may not rely on "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" to create a genuine issue of material fact sufficient to survive summary judgment. *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004).

## III. DISCUSSION

Plaintiffs' claim to quiet title is the only remaining issue in this case. Pursuant to this Court's order of July 18, 2013, this claim will be denied if the foreclosure sale was valid. (Doc. No. 55). The validity of the foreclosure sale in turn depends on whether notice of default was sent by certified mail in compliance with Texas law. If the notice was sent by certified mail, then the foreclosure was valid and Defendant's motion for summary judgment properly granted.

The notice of default must be served on the debtor by certified mail and must give the debtor at least twenty days to cure the default. TEX PROP. CODE § 51.002(d). There is no requirement that the notice be received, and evidence showing that the notice was mailed is sufficient. TEX PROP. CODE. § 51.002(e); *Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835 (Tex. App.—Fort Worth 1999, pet. denied). Section 51.002 (e) states that "the affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." *Id.* With respect to the summary judgment evidence required to prove that notice was sent, the Fifth Circuit recently held that a defendant mortgagor "satisfied its burden of proof by presenting evidence of mailing the notice and an affidavit to that effect." *Martins v. BAC Home Loans Servicing, L.P*., 722 F.3d 249, 256 (5th Cir. 2013). Defendant has produced such an affidavit (Def.'s MSJ, Ex. A,) and therefore has provided *prima facie* evidence of mailing. In addition, Defendant has produced the notices, along with the certified mail tracking numbers (Def.'s MSJ Ex. A.1; Ex. A.2).

Plaintiffs advance four counterarguments, none of which interject a triable fact issue. First, Plaintiffs claim that the affidavit is insufficient to constitute *prima facie* evidence of mailing because: 1) the affiant (Michael Dolan) was not disclosed to them, and 2) Mr. Dolan

3

lacks the requisite personal knowledge. (Doc. No. 62 ¶ 9).  Mr. Dolan[1] was disclosed to Plaintiffs in the parties Rule 26 (a) Disclosures. (Doc. No. 56).  Moreover, while Mr. Dolan may not have personally sent the notice, it is well settled that declarations made by corporate representatives are sufficient to prove a corporate act, such as mailing notice by certified mail. *Martins v. BAC Home Loans Servicing, L.P*., 722 F.3d 249, 256 (5th Cir. 2013) (affidavit of defendant's "Chief Administrative Officer" constituted evidence of mailing); *Adebo v. Litton Loan Servicing, L.P.*, No. 01-07-00708-CV, 2008 WL 2209703, at *4 (Tex. App.—Houston [1st Dist.] May 29, 2008, no pet.) (affidavits of defendants' Vice President and "Foreclosure Director" were sufficient to establish mailing).  Mr. Dolan's affidavit therefore establishes *prima facie* evidence of mailing.

Second, Plaintiffs claim that Defendant's failure to produce a certified mail receipt either proves that notice was not mailed, or at least raises a fact issue. (Doc. No. 59).  As an initial matter, the Court finds that the absence of a receipt is insufficient to establish that notice was not sent as a matter of law.  Therefore, summary judgment for Plaintiffs is inappropriate.  The question is whether the absence of a mailing receipt from the record raises an issue of fact that precludes granting summary judgment for Defendant.

This Court has been unable to find a case imposing a requirement on defendants to produce the mailing receipt.  On the contrary, courts have found summary judgment appropriate on this issue when a party produces just the notices along with an affidavit. *Gallow v. Bank of N.Y. Mellon Trust Co. NA*, No. 3:12-CV-217, 2013 WL 1736694, (S.D. Tex. Apr. 22, 2013) (holding that summary judgment was appropriate without a receipt when defendants produced copies of the notice of default, notice of acceleration, notice of sale, and two affidavits certifying

---

[1] Mr. Dolan is a research manager at Wells Fargo Bank, N.A., the company that serviced the mortgage.

that the notices were sent to the plaintiff); *Adebo v. Litton Loan Servicing, L.P.*, No. 01-07-00708-CV, 2008 WL 2209703, at *4 (Tex. App.—Houston [1st Dist.] May 29, 2008, no pet.) (affirming summary judgment in favor of the defendant who did not provide mailing receipts but two affidavits of corporate representatives that averred compliance with the certified mail requirement). Accordingly, case law does not support Plaintiffs' contention that a lack of receipt precludes summary judgment. [2]

While a mailing receipt would constitute useful evidence, its absence alone does not preclude summary judgment in cases where the movant offers other evidence that proves mailing. In this case, Defendant has provided *prima facie* evidence of mailing in the form of an affidavit. In addition, Defendant has also provided copies of the notices, which contain a certified mail tracking number. (Def.'s MSJ Ex. A.1; Ex. A.2). In all likelihood, Defendant obtained this tracking number when the notice was mailed. Plaintiffs counter by arguing that the tracking numbers affixed to the notices may not genuine. (Doc. No. 65 at 3). Plaintiffs insinuate that the tracking numbers were procured by Defendant earlier and are actually unrelated to the mailing of the notices at issue in this case. Although the Court construes all reasonable inferences in favor of the non-movant Plaintiffs, it is not reasonable to infer that the tracking numbers are not genuine based solely upon the public availability of certified mail tracking numbers.[3] Plaintiffs do not proffer any evidence to support this theory and therefore their unsubstantiated assertions do not create a genuine issue of material fact.

---

[2] The parties disagree over what receipts the postal service provides when a letter is sent certified mail. In general, the postal service provides a validated mailing receipt when certified mail is sent from a post office. For an additional fee, the postal service will provide a return receipt that confirms delivery. Plaintiff is arguing that the absence of the mailing receipt precludes summary judgment. (Doc. No. 65).

[3] Under this logic, some USPS receipts would not offer conclusive proof of mailing either. When a postal customer sends certified mail from home, they print out the tracking label and receipt themselves. Theoretically, one could print such a receipt and then not actually deposit the letter in the mailbox.

Third, Plaintiffs claim that the USPS website's "Track and Confirm" function does not confirm delivery. (Pls' MSJ, Ex. 7). The website screenshot included as an exhibit only indicates that "delivery status information is not available." *Id.* By its own terms, this evidence pertains only to delivery and not to mailing. Moreover, the "track and confirm" query appears to have been accessed on July 1, 2013 at 3:33 PM. *Id.* According to its website, the USPS stores these records for two years. (Doc. No. 61, Ex. A.2). Since Defendant states that notice was sent on February 28, 2010, there is no reason to think that the "track and confirm" website can offer any probative evidence.

Finally, Plaintiffs offer their own testimony that they did not receive the notice. (Pls' MSJ Ex. 1). In general, courts do not place much probative weight on plaintiffs' statements that they did not receive notice. *Stanley v. CitiFinancial Mortg. Co., Inc.*, 121 S.W.3d 811, 817-18 (Tex. App.—Beaumont 2003, pet. denied) (holding that the plaintiff's affidavit statement that he failed to receive a required notice under section 51.002 did not constitute "even a scintilla of competent summary judgment evidence" that the defendants failed to comply with the statutory notice requirements). Mr. Rodriguez's affidavit does not interject a fact issue as to whether notice was sent. Mr. Rodriguez is only in a position to comment on whether notice was received and cannot offer personal knowledge as to whether notice was sent, which is the operative question.

## CONCLUSION

Under the Fifth Circuit's standard set in *Martins*, Defendant has provided sufficient evidence that notice was sent in the form of an affidavit and copies of the notices with certified mail tracking numbers. Since notice was provided in accordance with statutory requirements,

the foreclosure sale was valid and Plaintiffs' claim to quiet title meritless. Accordingly, Defendants' motion for summary judgment is GRANTED. (Doc. No. 58). Plaintiffs' cross-motion is DENIED. (Doc. No. 59). There being no remaining issues, the Clerk is directed to CLOSE this case and issue a judgment that Plaintiffs take nothing on their claims which are hereby DISMISSED ON THE MERITS. Defendant is awarded costs of court and shall file a Bill of Costs in accordance with the local rules.

SIGNED this 12th day of September, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE