IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRIAN RODRIGUEZ and MARINA RODRIGUEZ, | § § § | |
| *Plaintiffs*, | § § | Civil Action No.  SA-12-CV-345-XR |
| v. | § § | |
| U.S. BANK, N.A., | § § | |
| *Defendant*. | § § | |

**ORDER**

On this day the Court considered Plaintiffs' motion for a new trial. Doc. No. 68. Plaintiffs ask the Court to vacate its order granting Defendant's motion for summary judgment, vacate the Clerk's entry of judgment, and set this matter for a hearing.  Plaintiffs' motion was filed within twenty-eight days after the Clerk's entry of final judgment.  Accordingly, the Court will construe their motion as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (explaining that a motion asking the court to reconsider a prior ruling is evaluated as a motion to alter or amend judgment under Rule 59(e) if the motion was filed within twenty-eight days after the entry of judgment).

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (internal quotation marks omitted). To be entitled to relief under Rule 59(e), a movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Schiller v. Physicians Res. Grp. Inc.*, 342

F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted). A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479.

As an initial matter, Plaintiffs have not introduced any new evidence. Instead, they allege that "the Court has clearly made a mistake concerning property law (sic) of the state of Texas." Doc. No. 68. Plaintiffs generally repeat the same arguments they raised at the summary judgment stage. Since Plaintiffs fail to offer any new arguments or evidence, the Court would be justified in denying this motion on these grounds alone. However, since Plaintiffs focus on a single argument that the Court did not address in great detail in its prior order, the Court will address Plaintiffs' motion on the merits.

On September 12, 2013, this Court granted Defendant's motion for summary judgment on Plaintiffs' claim to quiet title. Doc. No. 66. That order addressed the only remaining issue in this case: whether Defendant had properly served Plaintiffs with notice of default by certified mail as required by the Texas Property Code. In a recent published opinion, the Fifth Circuit held that a defendant mortgagor "satisfied its burden of proof by presenting evidence of mailing the notice and an affidavit to that effect." *Martins v. BAC Home Loans Servicing, LP*, 722 F.3d 249, 256 (5th Cir. 2013). This Court applied *Martins* and found that Defendant had met its burden by providing: (1) evidence of mailing in the form of the notices along with certified mail tracking numbers; and (2) an affidavit to that effect. Doc. No. 66.

Frustrated with the current state of the law, Plaintiffs lament that, "[t]he standards for bank (sic) in terms of proof is (sic) lax enough without the Court allowing banks to commit outright fraud." Doc. No. 68 at 2. Plaintiffs' main argument is that the Court erred in permitting

2

Defendant's affidavit to serve as prima facie evidence that notice was served in compliance with Texas law. Doc. No. 68. ("How the Court can find any credibility in that affidavit… defies logic and all reason."). As part of its summary judgment evidence, Defendant provided an affidavit of Mr. Michael Dolan. Mr. Dolan is a research manager at Wells Fargo, the company that serviced the mortgage at issue in this case. Mr. Dolan testified that "on February 28, 2010, ASC sent to Plaintiffs at the Property address (their last known address) via certified mail a notice of default." Doc. No. 58, Ex. 1. Mr. Dolan reached this conclusion based on his experience dealing with foreclosure matters, his understanding of the relevant business practices, and his review of the documents related to Plaintiffs' mortgage. *Id.*

Plaintiffs criticize the Court for permitting Defendant's to rely on Mr. Dolan's affidavit "when there is no proof of personal knowledge beyond his 'review' of the business records." Doc. No. 68. Plaintiffs correctly cite the text of the statute, which requires "an affidavit of a person knowledgeable of the facts to the effect that service was completed. TEX. PROP. CODE. § 51.002(e). The question is, therefore, what personal knowledge suffices to make an affidavit suitable prima facie evidence. Plaintiffs argue that personal knowledge cannot be acquired by reviewing business records. By implication, Plaintiffs suggest that the law requires an affidavit from someone that actually participated in the process of sending the notice via certified mail. This requirement is nowhere to be found in either the text of the statute or the case law applying it. Moreover, such an interpretation disregards the fact that it is common in civil litigation to permit corporate representatives to testify based on their review of business records.

In *Martins*, the Fifth Circuit upheld summary judgment on the basis of an affidavit from the defendant's chief administrative officer. Likewise, in *Adebo* (the case cited by Plaintiffs), the

3

Texas court held that a corporate vice president and the firm's foreclosure director had sufficient personal knowledge of mailing to make their affidavits prima facie evidence. *Abedo v. Litton Loan Servicing LP*, 2008 WL 2209703 (Tex.App.—Houston [1st Dist.] May 29, 2008, no pet.). In *Thornton v. Chase Manhattan Mortgage Corp.*, the court found that the firm's "operations manager" had personal knowledge within the meaning of the Property Code. 2002 WL 253914 (Tex.App.—Tyler Feb 20, 2002, no pet.). The above cases do not require the corporate representatives to have gained their personal knowledge by participating first hand in the mailing of the notices.[1] Accordingly, case law supports this Court's conclusion that a corporate representative, such as Mr. Dolan, can gain "personal knowledge" within the meaning of the statute by reviewing business records.

Plaintiffs also argue that they provided a "USPS Track and Confirm receipt which showed that there was no evidence of mailing." Doc. No. 68. That statement is incorrect. Plaintiffs provided screenshots of the USPS website that state: "Delivery status information is not available for your item via this web site. A return receipt after mailing may be available through your local Post Office."[2] The other Track and Confirm screenshots provided by Plaintiff stated: "The U.S. Postal Service was electronically notified by the shipper on June 15, 2010 to expect your package for mailing. This does not indicate receipt by the USPS or the actual mailing date. Delivery status information will be provided if/when available. No further information is available for this item. A proof of delivery may be available through your local Post Office for a fee." Despite Plaintiffs' argument, the "Track and Confirm" screenshots are

---

[1] The reasonable inference is that the neither a chief administrative officer, a corporate vice-president, nor an operations manager at Chase Manhattan would actually have participated in mailing the notices of default.

[2] As noted in this Court's summary judgment order, this screenshot was accessed on July 1, 2013. Defendant has offered public records indicating that the USPS only retains "Track and Confirm" data for two years. Since the notice was mailed on February 28, 2010, there is no reason to think that the USPS "Track and Confirm" system would be able to offer any evidence of mailing more than three years later in July, 2013.

not evidence that the notices were not mailed, nor do they create a genuine issue of material fact sufficient to defeat Defendant's summary judgment evidence.

Plaintiffs next argue that Mr. Dolan's credibility is a genuine fact issue that should have precluded summary judgment. Doc. No. 68. Plaintiffs cite to a Third Circuit case for the proposition that certain credibility determinations can preclude summary judgment. Doc. No. 68, citing *Schoonjongen v. Curtiss-Wright Corp.,* 143 F.3d 120, 130 (3rd Cir. 1998) (holding summary judgment inappropriate when there was a material issue of fact as to the witness's credibility where that witness' state of mind was central to the case). Plaintiffs then list nine hypothetical questions that they would have liked to have posed to Mr. Dolan at trial. Confident that Mr. Dolan's testimony would be beneficial to their cause, Plaintiffs suggest that this testimony "would bring to light Mr. Dolan's bias and the conclusory nature of this affidavit and the illogical conclusion that he had personal knowledge of any kind." Doc. No. 68. The Court agrees, of course, that a question of material fact relating to a witness's credibility can preclude summary judgment. For this to occur, the non-movant must interject some credibility issue at the summary judgment stage. In this case, Plaintiffs have failed to do so. Instead, Plaintiffs rely on an unsubstantiated and conclusory allegation that Mr. Dolan cannot be credible because he only reviewed business records. Had Plaintiffs wished to challenge Mr. Dolan's credibility, they should have taken his deposition and used his responses as evidence that a material issue of fact existed as to his credibility.[3] Having neglected to take Mr. Dolan's deposition, Plaintiffs have no competent evidence that Mr. Dolan has a credibility issue. As Defendant notes, Plaintiffs cannot decline to take Mr. Dolan's deposition and then turn around and defeat summary judgment on the basis that they have not had an opportunity to question the witness. Accordingly, Plaintiffs'

---

[3] The Court notes that it granted Plaintiffs an extension in February, 2013, so that they could take Mr. Dolan's deposition. Doc. No. 47. Nevertheless, they failed to do so.

claims that the Court erred in permitting Mr. Dolan's affidavit to serve as prima facie evidence of mailing are meritless.

In light of the foregoing analysis, the Court finds that Plaintiffs have failed to identify a manifest error of law or fact or present newly discovered evidence demonstrating that the judgment that was entered in this case is incorrect. As a result, Plaintiffs' motion is DENIED. Doc. No. 68.

SIGNED this 5th day of November, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE